**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JEFF GOLMON,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK INC.,<br><br>Defendant. | C.A. No. 3:24-cv-02368-K |

**PLAINTIFF'S RESPONSE TO DEFENDANT NOVO NORDISK INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**

Now comes Jeff Golmon ("Plaintiff") and files his *Response to Defendant Novo Nordisk Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6)* and, in support thereof, would show unto the Court the following:

## I. SUMMARY

1. A review of the claims pled by Plaintiff against Novo Nordisk Inc. ("Novo") reveals a plausible right to recover from Novo and Novo's motion should be denied as a result.
2. Plaintiff's pleading sets forth sufficient facts to rebut the presumption that Defendant's warning label was adequate.
3. Further, Plaintiff's pleading sets forth sufficient facts to show that Defendant remains liable for its defective warning despite the learned-intermediary doctrine.
4. Finally, Plaintiff has pled adequate facts in support of his claim of gross negligence and his claim for exemplary damages.

## II. LAW AND ARGUMENT

5. When considering a defendant's motion to dismiss, the Court must construe the factual allegations in the plaintiff's complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).
6. If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, the Court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56.
7. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft*, 556 U.S. at 678.
8. In ruling on Defendant's motion to dismiss, the Court cannot look beyond the pleadings. *See, e.g., Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the plaintiff's complaint and any document attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).
9. Documents attached to a defendant's motion to dismiss are only considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).
10. As shown below, Plaintiff has provided Novo with fair notice of the claims asserted against it and Plaintiff's complaint shows a plausible right to recovery from Novo.

**A. Plaintiff's Pleading is Sufficient**

**i. Plaintiff's pleading rebuts the presumption that the warning label is adequate**

11. When taking all allegations as true, Plaintiff's pleading is sufficient to rebut the presumption that Novo's warning label is adequate.

12. Plaintiff's live pleading states that prior to obtaining FDA approval, Defendant Novo knew of the complications and devastating effects Ozempic could have on end users of the drug but withheld that information from the FDA or, alternatively, since obtaining FDA approval Defendant Novo has learned of the link between the use of Ozempic and blindness but has withheld that information from the FDA in order to maintain its approval. ECF Doc. 38 at ¶ 7. Further, Plaintiff pleads the information withheld from the FDA by Novo was material and relevant to the performance of Ozempic and Plaintiff would have not taken the prescription had he been warned of the link between the use of Ozempic and blindness. *Id*. at ¶ 8.

13. Plaintiff pleads that despite this knowledge, Novo failed to warn end users, like Plaintiff, of the complications and devastating effects of taking Ozempic. *Id*. at ¶ 9.

14. Finally, Plaintiff pleads that, after being prescribed Ozempic for his diabetes, he took Ozempic and suffered from blindness as a result of the defective product and warning. *Id*. at ¶¶ 5-6 and 10.

15. Thus, the exception to the rebuttable presumption that defendant withheld or misrepresented to the FDA required information that was material and relevant to the performance of Ozempic and was causally related to Plaintiff's injury applies here. *See* Tex. Civ. Prac. & Rem. Code § 82.007(b)(1).

16. Defendant relies on *Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372 (5th Cir. 2012) in seeking a dismissal of Plaintiff's claims. However, *Lofton* presented one glaring factual difference from this case: Central to the holding in *Lofton* was the fact that the FDA had previously considered – and rejected – the same arguments the Loftons were asserting. *Lofton*, 672 F. 3d at 374. Based on this fact, the *Lofton* Court reasoned "[i]n cases like this, where the FDA has not found fraud, the threat of imposing state liability on a drug

manufacturer for defrauding the FDA intrudes on the competency of the FDA and its relationship with the regulated entities." *Id*. at 380.

17. Plaintiff has sufficiently set forth facts that show a plausible right to the relief sought under the 12(b)(6) standard and Defendant's motion should be denid.

**ii. <u>Plaintiff's pleading demonstrates that the Learned Intermediary Doctrine is inapplicable</u>**

18. The learned-intermediary doctrine states that, in some situations, a warning to an intermediary fulfills a supplier's duty to warn consumers. *See, e.g., Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 591-92 (Tex. 1986). But, "when the warning to the intermediary is inadequate or misleading, the manufacturer remains liable for the injuries sustained by the ultimate user." *Id*. at 592.

19. To recover for failure to warn under this doctrine, a plaintiff must show that (1) the warning was defective, and (2) the failure to warn was a producing cause of the injury. *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999).

20. Here, Plaintiff's live pleading shows both. First, the pleading states that Defendant failed to warn both prescribers and end users of Ozempic of the complications and devastating effects the drug could have on the vision of end users like Plaintiff. ECF Doc. 38 at ¶ 9. Plaintiff further pleads that as a result of Novo's withholding information from the FDA, the warning he received was defective. *Id*. at ¶ 10. These are defective warnings.

21. Second, the failure to warn was a producing cause of Plaintiff's injury. Based on the defective warning, Plaintiff was prescribed and took Ozempic to treat his diabetes and suffered from blindness as a result. *Id*. at ¶ 5-6.

22. Defendant relies on *Gonzalez v. Bayer Healthcare Pharm., Inc.*, 930 F. Supp. 2d 808 (S.D. Tex. 2013) in support of its learned intermediary argument. That case is also factual

distinguishable. There, the Plaintiff did not allege that the warning given to her healthcare provider was inadequate. As discussed above, Plaintiff contends that because Novo withheld information from the FDA, any warnings it issued were defective – including those provided to Plaintiff's prescribing physician.

23. Thus, Plaintiff's pleading sufficiently sets forth a plausible right to recovery for a failure to warn despite the learned-intermediary doctrine.

**iii. Plaintiff's Gross Negligence Claim is Plausibly Pled**

24. Plaintiff has pled sufficient facts in support of his gross negligence claim.

25. First, Plaintiff has pled facts to demonstrate the first element – Novo had objective awareness of an extreme degree of risk, considering the probability and magnitude of the potential harm to others – by pleading that Novo either knew of the risk of blindness caused by Ozempic before obtaining FDA approval and withheld the same from the FDA in order to obtain approval or, alternatively, learned of the risk after obtaining FDA approval and withheld the same from the FDA in order to maintain approval. Taken as true, this assertion meets the first element of the gross negligence claim.

26. Second, Plaintiff has pled facts to demonstrate the first element – Novo had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference – by pleading that Novo knew of the risk and withheld the same from the FDA.

**iv. Plaintiff's Exemplary Damage Claim is Adequately Pled**

27. Plaintiff has also pled sufficient facts to support his claim for exemplary damages.

28. Specifically, as discussed above, Plaintiff has adequately pled a claim for gross negligence which, if successful, entitles him to exemplary damages.

29. Further, Plaintiff has pled sufficient facts to show that his alleged damage resulted from the fraud and/or malice of Defendant. The fraud or malice is shown by Plaintiff's allegations that Novo intentionally withheld information related to the link between Ozempic use and blindness from the FDA in order to obtain, or maintain, FDA approval of Ozempic.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court deny Defendant's motion in its entirety and award any such other and further relief to which Plaintiff may be entitled, in law and in equity.

Respectfully submitted,

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 27th day of May 2025.

*/s/ Beau Powell*
Jeremy B. (Beau) Powell